985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley A. CHAPMAN, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Travis Jones; Sally Stritmatter,
Defendants-Appellees.
 No. 92-1896.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Chapman, a Michigan state prisoner proceeding in forma pauperis and without benefit of counsel, appeals from the district court's award of judgment in favor of defendants. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Chapman brought suit under 42 U.S.C. § 1983 against the Director of the Michigan Department of Corrections (Robert Brown, Jr.), the Assistant Deputy Warden of the Trustee Division at the State Prison of Southern Michigan (Travis Jones), and the Trustee Division's Resident Physician (Dr. Stritmatter). Chapman alleged that defendants violated his rights guaranteed under the Eighth Amendment to be free from cruel and unusual punishment by denying him adequate medical care.
 
 
 3
 The case was submitted to a magistrate judge who recommended that Chapman's claims against defendants Brown and Jones be dismissed under the Eleventh Amendment doctrine of immunity. The district court adopted the magistrate judge's report and recommendation over Chapman's objections. The only issue left for resolution was whether Dr. Stritmatter was deliberately indifferent to Chapman's serious medical needs.
 
 
 4
 The case was returned to the magistrate judge who concluded that Stritmatter's actions did not constitute deliberate indifference to a known serious medical need. The magistrate judge recommended that Stritmatter's motion for summary judgment be granted. The district court, upon de novo review, agreed with the magistrate judge's recommendation to grant Stritmatter's motion for summary judgment. The district court also concluded that the case was not plainly frivolous and certified that an appeal of this action would be in good faith. On appeal, Chapman reasserts that Dr. Stritmatter was "derelict in her professional duties." Chapman also moves for in forma pauperis status on appeal, for appointment of counsel and for transcripts at the government's expense.
 
 
 5
 Upon de novo review, see EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990), we find no error.
 
 
 6
 A careful review of the record reveals a continuous and conscientious course of treatment for Chapman's medical complaints. The record also reveals Chapman's dissatisfaction with the course of medical treatment. However, a difference of opinion between the plaintiff and his doctor regarding his treatment does not state a claim for relief under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Dr. Stritmatter's course of treatment did not constitute deliberate indifference to a known serious medical need.
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Chapman's motion to proceed in forma pauperis is moot inasmuch as he was granted pauper status in the district court and that status was not revoked. Chapman's motion for the appointment of counsel and for the production of transcripts is hereby denied.